Pedro GUERRA, Appellant,

v.

REGIONS BANK, Appellee.

No. 12–05–00129–CV.

Court of Appeals of Texas,
Tyler.

Feb. 28, 2006.

Miguel A. Adame, The Bearman Law Firm, and Steven E. Norris, Norris Cantu LLP, Houston, for appellant.

Ralph E. Roberts, Jr., Bracewell & Giuliani, LLP, Dallas, for appellee.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and DeVASTO, J.

## OPINION

JAMES T. WORTHEN, Chief Justice.

Pedro Guerra ("Appellant") appeals a take nothing summary judgment granted in favor of Regions Bank. In a single issue, Appellant contends that the trial court erred in granting a motion for summary judgment on the basis that Regions owed no duty to him. We affirm.

### BACKGROUND

In late January 2002, Jerry L. Maines opened a joint checking account under his name and the name of "Pedro Guerra." Maines listed his address as 600 Baylor Drive, Apartment 234, Longview, Texas 75601–4529. He listed Guerra's address as 600 Baylor Drive, Apartment 231, Longview, Texas 75601–4528.[1] Maines used a check from the Internal Revenue Service payable to "Pedro Guerra" in the amount of $300.00 to open the account. The account card that Regions had on file showed Guerra's address, a social security number, home phone number, and date of birth. The account card also included a notation that Guerra was identified by an "Arkansas identification." However, it appears that "Pedro Guerra" never went to the bank in person to open this account.

Once the account was opened, approximately thirty-one checks were drawn on the account by "Pedro Guerra." Virtually all of them were returned as "insufficient funds" checks. These checks were written during the months of February, March, and April of 2002. On March 29, 2002, the Internal Revenue Service received a request under its reclamation program from Pedro Guerra for the $300.00 check to be reissued because it had been cashed by Maines. This Pedro Guerra listed his address as 1407 North Eastman Road, Apartment C, Longview, Texas 75601. The overdrawn account at Regions was closed. Maines was later arrested on an unrelated forgery and had in his possession a driver's license bearing the name of "Pedro Hugo Guerra" with the Baylor Drive address in Longview.

Following the closing of the joint account under the names of Maines and Guerra, eight Longview merchants filed

---

1. The "Pedro Guerra" who is the appellant will always be designated as "Appellant" in this opinion. The "Pedro Guerra" in Longview will be referred to by that name.

worthless check information sheets with the Gregg County District Attorney. All eight merchants listed the address for "Pedro Guerra" as 600 Baylor Drive, Number 234, Longview, Texas 75601. In the part of the information sheet requesting a driver's license number, the eight merchants listed a number of different driver's license numbers. Regions did not file any complaints or furnish any identifying information to the Gregg County District Attorney's Office regarding "Pedro Guerra."

The Gregg County District Attorney's Office issued an arrest warrant for "Pedro Guerra" on July 29, 2002 using Appellant's driver's license number. It is unclear from the summary judgment evidence how the District Attorney's Office obtained Appellant's driver's license number. Appellant had never had an account with Regions nor had he ever been to Longview. Appellant's date of birth and social security number did not match those of the "Pedro Guerra" on the Regions account card. Further, none of the driver's license numbers provided by the eight merchants matched Appellant's.

On August 8, 2002, an officer with the City of Bellaire Police Department stopped Appellant for driving through a red light and not having insurance on his vehicle. During the stop, the officer discovered that Gregg County had issued an arrest warrant for "Pedro Guerra" and that Appellant's driver's license number was listed on the arrest warrant. Appellant was later transported to the Gregg County Jail in Longview and was not released from there until September 3, 2002.

Appellant filed suit against Regions for negligence in its opening of the joint account under the names of Maines and a "Pedro Guerra" alleging, in part, that Regions failed to adequately investigate the identity of the person opening the account; failed to verify the identity of the persons whose names appeared on the account and checks; failed to follow its own policies and procedures relating to the opening of a bank account; and failed to verify that the person opening the account had the authority to do so. Regions then filed a motion for summary judgment on both traditional and no evidence grounds. The trial court granted Regions's motion for summary judgment on the basis that it owed no duty to Appellant. Appellant timely filed this appeal.

## ISSUE

Appellant contends that the trial court erred in granting Regions's motion for summary judgment on the basis that it owed no duty to him.

## STANDARD OF REVIEW

To prevail on a traditional summary judgment motion, a movant must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c). A movant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim. *Southwestern Elec. Power Co. v. Grant,* 73 S.W.3d 211, 215 (Tex.2002). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.*

To prevail on a no evidence summary judgment motion, a movant must allege that there is no evidence of an essential element of the adverse party's claim. Tex.R. Civ. P. 166a(i). The motion must specify the elements for which there is no evidence, and the motion must be granted unless the nonmovant produces summary judgment evidence raising a genuine issue of material fact. *Hawkins v. Trinity Baptist Church,* 30 S.W.3d 446, 450 (Tex.App.-

Tyler 2000, no pet.). When the trial court grants a motion for summary judgment without specifying whether it was granting the no evidence or the traditional motion, an appellant must establish that each of the grounds asserted in the motion is insufficient to support the judgment. *Fidelity & Deposit Ins. v. Swan Roofing,* 167 S.W.3d 633, 635 (Tex.App.-Dallas 2005, no pet.).

### NEGLIGENCE

▮ The elements of a negligence cause of action are the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach. *IHS Cedars Treatment Ctr. of DeSoto, Texas, Inc. v. Mason,* 143 S.W.3d 794, 798 (Tex. 2004). In determining whether the defendant was under a duty, the court will consider several interrelated factors, including the risk, foreseeability, and likelihood of injury weighed against the social utility of the actor's conduct, the magnitude of the burden of guarding against the injury, and the consequences of placing the burden on the defendant. *Greater Houston Transp. Co. v. Phillips,* 801 S.W.2d 523, 525 (Tex.1990). Of all these factors, foreseeability of the risk is "the foremost and dominant consideration." *Id.* (quoting *El Chico Corp. v. Poole,* 732 S.W.2d 306, 311 (Tex.1987)).

▮ Whether a duty exists is a question of law for the court. *Bird v. W.C.W.,* 868 S.W.2d 767, 769 (Tex.1994). To maintain his negligence action against Regions, Appellant first had to establish some duty Regions owed to him. *Miller–Rogaska, Inc. v. Bank One, Texas, N.A.,* 931 S.W.2d 655, 663 (Tex.App.-Dallas 1996, no writ). Appellant has conceded that he was not a customer nor did he have any other relationship with Regions. Because he was not a Regions customer and had no other relationship with Regions, as a matter of law Regions owed no duty to Appellant. *See id.* at 664. Appellant also argued that the risk, foreseeability, and likelihood of his injuries could have been "guarded against" if Regions had followed its own banking procedures. A bank's internal policies do not determine a standard of care or duty. *FFE Transp. Servs., Inc. v. Fulgham,* 154 S.W.3d 84, 92 (Tex.2004).

Appellant concedes that, under current Texas law, Regions does not owe him a duty for its actions in opening the account. However, he invites us to determine there is a duty based upon the Alabama Supreme Court's decision in *Patrick v. Union State Bank,* 681 So.2d 1364 (Ala.1996). In that case, Bridgette Patrick's Alabama temporary driver's license and a department store credit card were stolen from her wallet. She reported the stolen credit card to the creditor, and she subsequently received her permanent driver's license in the mail. However, within a month, a person identifying herself as "Bridgette Patrick" opened a checking account with a deposit of $100.00 at a branch of Union State Bank ("Union Bank"). A number of insufficient funds checks, totaling $1,500.00, were written on this newly opened account. *Id.* at 1365.

The real Bridgette Patrick was then arrested at least four times, spent numerous nights in jail, and went through great effort to clear her name. *Id.* at 1366. Union Bank argued that it had no duty to the real Bridgette Patrick because there was no relationship between the bank and Patrick. The Alabama Supreme Court disagreed because the bank thought it had a relationship with Bridgette Patrick when it opened the account under her name, using her social security number and temporary driver's license as identification. *Id.* at 1369. The court then concluded "that the fraudulent scheme effectuated here, as well as the injury and harm it caused Ms.

Patrick, was foreseeable to the extent that a duty may be imposed." *Id.*

 The test for foreseeability in Texas is whether a person of ordinary intelligence would have anticipated the danger his or her negligence creates. *Southwest Key Program, Inc. v. Gil–Perez,* 81 S.W.3d 269, 274 (Tex.2002). Foreseeability does not require an actor to anticipate the precise manner in which the injury will occur; instead, the injury need only be of a general character that the actor might reasonably anticipate. *Lee Lewis Const., Inc. v. Harrison,* 70 S.W.3d 778, 785 (Tex.2001). With this definition of foreseeability in Texas, we decline to follow *Patrick.*

In *Patrick,* the account was opened by an imposter using Patrick's social security number and temporary driver's license as identification. In the case before us, Regions had no relationship with Appellant and had no knowledge of him until he filed this suit against Regions. In opening the joint account, Regions could not have believed that it was establishing a relationship with Appellant because, unlike the imposter in *Patrick,* Maines did not use Appellant's name, social security number, and driver's license number to open the account.

Further, the arrest of Appellant for a traffic violation in Bellaire could not have reasonably been foreseen by Regions when it opened an account under the name of "Pedro Guerra" with a Longview address and an Internal Revenue check payable to a "Pedro Guerra" who lived in Longview. The only fact in the summary judgment evidence that connects Appellant to the theft by check charges is his driver's license number. However, the appellate record does not reveal how the Gregg County District Attorney's Office obtained the number. There are certain situations in which the happenstance of place and time is too attenuated from the defendant's conduct for liability to be imposed. *See Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 472 (Tex.1991). It was not reasonable to expect Regions to foresee that an individual with the same first and last name living over 200 miles away would be affected by the opening of this checking account. *See Union Pump Co. v. Allbritton,* 898 S.W.2d 773, 776 (Tex.1995) (circumstances surrounding an individual's injuries may be too remotely connected with a defendant's conduct to constitute a legal cause of his injuries.). We hold that there is no evidence that Regions owed Appellant a legal duty. Appellant's sole issue is overruled.

### CONCLUSION

Having overruled Appellant's sole issue, the judgment of the trial court is ***affirmed.***