Kenneth L. OWENS, Individually, The Owens Family Limited Partnership, Jesse L. Owens, Individually, Joanne M. Owens, Individually, and The Kenneth L. Owens Family Limited Partnership, Appellants

v.

COMERICA BANK, Appellee.

No. 05–06–00137–CV.

Court of Appeals of Texas, Dallas.

July 13, 2007.

Todd A. Prins, Law Offices of Todd A. Prins, San Antonio, for Appellant.

Stephen L. Baskind and Martin L. Lowy, Kleiman Lawerence Baskind Fitzgerald, LLP, Dallas, for Appellee.

Before Justices MORRIS, FRANCIS, and MAZZANT.

## OPINION

Opinion by Justice MORRIS.

In this appeal from a summary judgment, appellants Kenneth L. Owens, the Owens Family Limited Partnership, Jesse L. Owens, Joanne M. Owens, and the Kenneth L. Owens Family Limited Partnership challenge the trial court's dismissal of their claims against Comerica Bank for negligence and gross negligence. The Ow-

ens family argues Comerica was not entitled to judgment as a matter of law on either of the two grounds asserted in its motion. The Owens family further argues the trial court erred in allowing Comerica to use certain deposition testimony as summary judgment evidence before the witness's time period to review the deposition transcript had expired. We conclude the trial court correctly granted summary judgment in favor of Comerica. Accordingly, we affirm the trial court's judgment.

## I.

The Owens family's claims in this case are predicated on their assertion that Comerica negligently opened and maintained two bank accounts for Charles Dwain Davis, Jr. into which Davis fraudulently deposited approximately $1.9 million of the Owens family's money. Davis's scheme began in 1998 when he opened an account in the name of Charles Dwain Davis d/b/a Birchtree Financial Services. Davis represented to Comerica that the account was for a sole proprietorship and presented the bank with an assumed named certificate that had been filed with the Dallas County Clerk. The name on the assumed name certificate was the same as the name under which the account was opened. Davis also signed a trade name declaration and authority statement indicating that Birchtree Financial Services was an unincorporated business owned entirely by Davis. Davis then deposited into the account several checks drawn by the Owens family and made payable to Birchtree Financial Services or Birchtree Financial Services, Inc. The Owens family intended the money to be used for investments and loan repayments. Davis misappropriated the funds for his own personal use.

In 2001, Davis opened another account under the name Dain Correspondent Services. Davis again presented Comerica with an assumed name certificate filed with the Dallas County Clerk showing that he was the owner of the services company and that it was to be operated as a sole proprietorship. Davis deposited checks into this account drawn by the Owens family made payable to Dain Correspondent Services. Again, the money was intended to be used for such purposes as loan repayments and investments but was misappropriated by Davis for his personal use. The Owens family received the cancelled checks within a short time after they were deposited and they were aware the checks had been deposited into the Comerica accounts.

The Owens family eventually discovered Davis's wrongful actions and demanded that Comerica close the accounts. This suit was brought by the Owens family in 2003 against various parties, including Comerica, for damages associated with Davis's actions. In May 2005, the trial court granted summary judgment in favor of Comerica on all claims against it except for negligence and gross negligence. Comerica then filed a motion for summary judgment on the negligence claims, contending it owed no duty to the Owens family as a matter of law. Comerica argued the Owens family was not a customer of the bank and, therefore, the bank did not owe the family a duty of care. In the alternative, Comerica argued the negligence claims were barred by the statute of limitations.

The trial court granted Comerica's motion and ordered that the Owens family take nothing by their claims against the bank. The order was later merged into a final judgment that disposed of all the issues and parties in the case. The Owens family brought this appeal.

## II.

In their first issue on appeal, the Owens family contends the trial court erred in granting summary judgment in favor of Comerica on the basis of no duty. The Owens family concedes they had no accounts with Comerica and were not customers of the bank. The Owens family argues, however, that the foreseeability of injury caused by Comerica's failure to follow "industry standards" in the opening and maintaining of Davis's bank accounts created a duty owed by Comerica to third parties.

In support of their argument, the Owens family relies on the affidavit of their expert witness, J.F. "Chip" Morrow. In his affidavit, Morrow testified Comerica failed to follow "industry standards" by not investigating the nature of the business Davis was conducting and allowing him to deposit corporate checks into a sole proprietorship account. Morrow stated that "industry standards" included "definitions, generally accepted practices of prudent lenders, [and] application of laws, procedures and policies for financial institutions." Morrow did not specify, however, what "definitions, generally accepted practices of prudent lenders, [and] laws, procedures, and policies" he relied upon to form his opinions. Nor did he set forth the sources he used to determine the "industry standards" he applied.

■ To maintain a negligence cause of action, a plaintiff must establish a duty owed to it by the defendant. *See Miller–Rogaska, Inc. v. Bank One, Texas, N.A.*, 931 S.W.2d 655, 663 (Tex.App.-Dallas 1996, no writ). Whether a duty exists is a question of law for the court. *Id.* Generally, a bank owes no duty to someone who is not a customer and with whom the bank does not have a relationship. *See id; see also, Guerra v. Regions Bank*, 188 S.W.3d 744, 747 (Tex.App.-Tyler 2006, no pet.).

■ As stated above, the Owens family concedes they were not customers of the bank. Furthermore, the Owens family does not contend there is any evidence they had an individual relationship with the bank. Instead, the family urges us to expand the scope of those to whom the bank owes a duty of care based on Comerica's alleged failure to follow unspecified "industry standards." The Texas Supreme Court has refused to create a standard of care or duty based upon internal policies, and the failure to follow such policies does not give rise to a cause of action in favor of customers or others. *See FFE Transp. Servs., Inc. v. Fulgham*, 154 S.W.3d 84, 92 (Tex.2006); *Guerra*, 188 S.W.3d at 747. Similarly, based on the evidence presented, we decline to create a broad duty to be owed by banks to the general public founded upon general "industry standards."

■ In determining whether a duty exists, a court must consider factors such as risk, foreseeability, conduct, the magnitude of the burden of guarding against the injury, and the consequences of placing the burden on the defendant. *Guerra*, 188 S.W.3d at 747. The dominant consideration is foreseeability. *Id.* The Owens family argues Comerica owed it a duty of care because it was foreseeable that Davis would use his account to perpetrate fraud. It is, of course, possible that any bank account may be used for a wrongful purpose. But we see nothing in the facts of this case that would lead Comerica to anticipate a danger of injury to another when it opened and maintained the two accounts for Davis. Because there was no foreseeable danger, Comerica owed no duty to the Owens family as a matter of law and the trial court correctly granted summary judgment on this ground. We resolve the Owens family's first issue against them. Because we have resolved this issue in Comerica's favor, it is unnecessary for us to address the Owens family's challenges

to the trial court's judgment on the ground of statute of limitations.

■ In their second issue on appeal, the Owens family contends the trial court erred in allowing Comerica to use certain deposition excerpts as summary judgment evidence before the witness's period to review and correct the transcript had expired. The admission and exclusion of evidence is committed to the trial court's sound discretion. *See City of Brownsville v. Alvarado,* 897 S.W.2d 750, 753 (Tex. 1995). To successfully challenge an evidentiary ruling, the complaining party generally must show that the judgment turned on the particular evidence being challenged and the error in admitting or excluding the evidence probably resulted in the rendition of an improper judgment. *Id.* at 753–54.

The deposition excerpts about which the Owens family complains were taken from the deposition of Chip Morrow, their expert witness. The Owens family makes no showing of how Morrow's testimony probably caused the rendition of an improper judgment. *See Texas Dept. of Transp. v. Able,* 35 S.W.3d 608, 617 (Tex.2000). The dispositive issue in this case is whether Comerica owed a duty to the Owens family. The existence of a duty is purely a legal determination and not a matter for expert opinion. *See Upjohn Co. v. Rylander,* 38 S.W.3d 600, 611 (Tex.App.-Austin 2000, pet. denied) (expert witness may not testify regarding an opinion on a pure question of law). After reviewing the summary judgment record, we conclude any error in admitting the deposition excerpts was harmless. *See* Tex.R.App. P. 61.1. We resolve the Owens family's second issue against them.

We affirm the trial court's judgment.