COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| | § | No. 08-11-00020-CV |
| | § | |
| IN THE ESTATE OF | § | Appeal from the |
| LAURINE NORRIS ABERNETHY, | | Probate Court No. 2 |
| DECEASED, | § | |
| | § | of Tarrant County, Texas |
| | § | (TC# 08-1359-2-A) |
| | § | |

**O P I N I O N**

In this breach of fiduciary case, Bethany Smith (Smith), Independent Administrator of the Estate of Laurine Norris Abernethy, Deceased (Abernethy), appeals the trial court's summary judgment in favor of Janet H. Achor (Achor). Smith raises five issues on appeal. The first issue challenges certain rulings the trial court made in excluding evidence. The remaining four issues challenge the different bases the trial court relied upon in granting summary judgment. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Achor was a certified public accountant who met Abernethy in 1998 and prepared tax returns for her from then until Abernethy's death in 2008. Not only did Achor and Abernethy enjoy a business relationship, they also enjoyed a social one – the two became and stayed close personal friends – until Abernethy died. Achor visited Abernethy weekly at her home and sent her cards and notes. Likewise, Abernethy sent notes and cards to Achor, expressing Abernethy's

1

gratitude to Achor for being her best friend and so intimately involved in her life. When Abernethy was in the hospital before her death, Achor visited her and spoke to Smith, Abernethy's granddaughter, about Abernethy's medical condition.

In November and December 2000, Abernethy designated Achor as the beneficiary of an IRA and established a joint multi-party bank account with right of survivorship in favor of Achor. In May 2002, Abernethy again established a joint multi-party bank account with right of survivorship in favor of Achor. After Abernethy's death, the funds in the bank accounts and IRA passed to Achor, who received approximately $1.2 million.

In her capacity as Independent Administrator of Abernethy's estate, Smith sued Achor, alleging that Achor's relationship with Abernethy as her accountant, financial advisor, and friend created a fiduciary relationship between them. Seeking approximately $1 million in damages, Smith claimed that Achor breached her fiduciary duty to Abernethy because Achor put herself on the joint multi-party bank accounts to which she had not contributed any funds.[1] Achor moved for no evidence and traditional summary judgment on Smith's breach-of-fiduciary claim. Smith responded, attaching several exhibits, including depositions from witnesses and financial documents.

In her reply to Smith's response, Achor lodged 24 objections challenging the adequacy of Smith's response and the evidence attached thereto. Significantly, in sustaining the majority of Achor's objections,[2] the trial court struck: (1) Smith's entire response and all of the evidence

---

[1] In her live petition, Smith alleges that Achor prepared the document, designating her as the beneficiary of the IRA, for Abernathy to sign. However, Smith does not assert that this behavior constituted a breach of fiduciary duty. Rather, Smith specifically alleges: "The fact that Defendant while acting as a fiduciary filled out beneficiary forms making herself the beneficiary of [previously described] life insurance policies and annuities owned by . . . Abernethy . . . constitutes a breach of a fiduciary relationship."

[2] The trial court sustained sixteen of Achor's objections in their entirety, overruled five of them entirely, and sustained in part and overruled in part the remaining objections.

2

upon which she relied; and (2) certain paragraphs in Smith's response that summarized the evidence she believed established a fiduciary duty. Shortly after ruling on Achor's objections, the trial court granted summary judgment in Achor's favor on both her no-evidence and traditional grounds. In rendering summary judgment on the no-evidence grounds, the trial court found that there was no evidence that: (1) Achor was a fiduciary of Abernethy; (2) Achor owed any fiduciary duty to Abernethy; (3) Achor breached any fiduciary duty to Abernethy; and (4) the alleged breach of a fiduciary duty by Achor to Abernethy proximately caused Smith to suffer damages. In rendering summary judgment on the sole traditional ground Achor raised, the trial court found that there was no genuine issue as to any material fact and that Achor was entitled to summary judgment as a matter of law because the Probate Code established her absolute right of survivorship in the IRA and the joint multi-party bank accounts.

Smith moved for a new trial, but the trial court denied the motion. This appeal followed.

## SUMMARY JUDGMENT STANDARD OF REVIEW

We review a trial court's summary judgment *de novo*. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). When, as here, the trial court's order specifies the grounds on which it granted summary judgment, the summary judgment can be affirmed only on the grounds specified in the trial court's order. *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex. 1993). Because Achor filed a summary judgment motion on both no-evidence and traditional grounds, we first review the trial court's summary judgment under the no-evidence standard of review. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004); *All American Telephone, Inc. v. USLD Communications, Inc.*, 291 S.W.3d 518, 526 (Tex.App.--Fort Worth 2009, pet. denied); *East Hill Marine, Inc. v. Rinker Boat Co.*, 229 S.W.3d

3

813, 816 (Tex.App.--Fort Worth 2007, pet. denied). If the non-movant failed to produce more than a scintilla of evidence under the standards of Rule 166a(i), there is no need to analyze whether the movant's summary-judgment proof satisfied the less stringent burden set forth for traditional summary judgment under Rule 166a(c). TEX.R.CIV.P. 166a(c) & (d); *East Hill Marine, Inc.*, 229 S.W.3d at 816. The trial court is required to grant the no-evidence motion unless the non-movant produces competent summary judgment evidence that raises a genuine issue of material fact regarding each challenged element. TEX.R.CIV.P. 166a(i); *Ford Motor Co.*, 135 S.W.3d at 600.

In conducting our no-evidence summary-judgment review, we "review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Timpte Industries, Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009), *quoting Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). A genuine issue of material fact exists when more than a scintilla of evidence establishing the existence of the challenged element is produced. *Ford Motor Co.*, 135 S.W.3d at 600. More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). However, less than a scintilla of evidence exists when the evidence is so weak that it does no more than create a surmise or a suspicion of a fact. *Id*. A fact question exists when the summary judgment record contains inconsistent or conflicting summary-judgment proof. *Rankin v. Union Pac. R. Co.*, 319 S.W.3d 58, 67 (Tex.App.--San Antonio 2010, no pet.). When a non-movant presents more than a scintilla of probative evidence

4

that raises a genuine issue of material fact, a no-evidence summary judgment is improper. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009); *compare Ford Motor Co.*, 135 S.W.3d at 600-01 (trial court properly granted summary judgment where plaintiffs failed to produce more than a scintilla of evidence on an essential element of their claim).

A party moving for traditional summary judgment bears the burden of showing that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c). To determine if the non-movant raised a fact issue, we review the evidence in the light most favorable to the non-movant, crediting favorable evidence if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not. *See Mann Frankfort Stein & Lipp Adivisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009), *citing City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). A defendant who conclusively negates a single essential element of a cause of action or conclusively establishes an affirmative defense is entitled to summary judgment on that claim. *Frost Nat. Bank v. Fernandez*, 315 S.W.3d 494, 509 (Tex. 2010).

## EXCLUSION OF EVIDENCE

In her first issue, Smith contends that the trial court abused its discretion in sustaining: (1) Achor's objections to Smith's entire summary judgment response and all of the evidence upon which Smith relied; and (2) Achor's objections to certain paragraphs in Smith's response that summarized the evidence that Smith believed establishes a fiduciary duty. We disagree.

### *Standard of Review*

We review a trial court's ruling sustaining an objection to summary judgment evidence for an abuse of discretion. *Owens v. Comerica Bank*, 229 S.W.3d 544, 548 (Tex.App.--Dallas 2007,

5

no pet.); *Barraza v. Eureka Co., A Div. of White Consolid. Indust., Inc.*, 25 S.W.3d 225, 228 (Tex.App.--El Paso 2000, pet. denied). A trial court abuses its discretion in excluding evidence if it acts arbitrarily and unreasonably. *Cire v. Cummings*, 134 S.W.3d 835, 838-39 (Tex. 2004); *Barraza*, 25 S.W.3d at 228.

### *Applicable Law*

To show the trial court abused its discretion in excluding evidence, a complaining party must demonstrate that: (1) the trial court erred in excluding the evidence; (2) the erroneously excluded evidence was controlling on a material issue dispositive of the case and was not cumulative; and (3) the error probably caused rendition of an improper judgment in the case. *See Tex. Dep't of Transp. v. Able*, 35 S.W.3d 608, 617 (Tex. 2000); *Owens*, 229 S.W.3d at 548. It is the complaining party's burden, not ours, to show harm from an erroneous evidentiary ruling. *In re M.S.*, 115 S.W.3d 534, 538 (Tex. 2003); *see also City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753-54 (Tex. 1995)("A successful challenge to evidentiary rulings usually requires the complaining party to show that the judgment turns on the particular evidence excluded or admitted.").

### *Discussion*

Smith has failed to meet her burden of showing harm. In her brief, Smith never discusses, much less provides any argument explaining: (1) how the allegedly erroneously excluded evidence was controlling on a material issue dispositive of the case; and (2) how the outcome would have been different had the trial court not sustained the particular objections Achor raised. *See Able*, 35 S.W.3d at 617; *Owens*, 229 S.W.3d at 548; *In re M.S.*, 115 S.W.3d at 538. Rather, in her initial brief and reply brief, Smith devotes her entire argument attempting to establish that the

6

trial court erred by sustaining the two specific objections lodged by Achor that Smith challenges on appeal. Because Smith focused exclusively on showing error and neglects to show the required harm, we hold that Smith failed to establish that the trial court abused its discretion in excluding her summary judgment response and evidence. Issue One is overruled.

## INFORMAL FIDUCIARY DUTY

Smith's remaining four issues challenge the different bases the trial court relied upon in granting summary judgment in favor of Achor. In her second issue, Smith argues that there is more than a scintilla of evidence that a fiduciary relationship existed between Achor and Abernathy. In her third issue, Achor asserts that because Achor and Abernathy had a fiduciary relationship, Achor, as opposed to Smith, had the obligation to prove that the transactions between Achor and Abernathy were fair. In her fourth issue, Smith contends that there is more than a scintilla of evidence that Abernathy's estate suffered damages as a result of Achor's actions. And, in her fifth issue, Smith argues that the trial court should not have granted summary judgment because Achor failed to rebut the presumption that a gift from a principal to a fiduciary is unfair. Because the soundness of these four remaining issues hinges on the existence of a fiduciary relationship between Achor and Abernathy, we focus our inquiry in determining whether such a relationship existed.

### *Applicable Law*

The term "fiduciary" refers to a person owing a duty of integrity and fidelity, and "it applies to any person who occupies a position of peculiar confidence towards another." *Kinzbach Tool Co. v. Corbett-Wallace Corp.*, 138 Tex. 565, 160 S.W.2d 509, 512 (1942). There are two types of fiduciary relationships: formal fiduciary relationships that arise as a matter of law, such as

7

attorney-client, partnership, trustee, and principal-agent relationships, and informal fiduciary relationships or "confidential relationships" that may arise from moral, social, domestic, or personal relationships. *Crim Truck & Tractor Co. v. Navistar Int'l Transp. Corp.*, 823 S.W.2d 591, 593-94 (Tex. 1992); *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 199 (Tex. 2002); *Ins. Co. of N. Am. v. Morris*, 981 S.W.2d 667, 674 (Tex. 1998). For example, the accountant-client relationship does not always involve a fiduciary duty. *Squyres v. Christian*, 253 S.W.2d 470, 471 (Tex.Civ.App.--Fort Worth 1952, writ ref'd n.r.e.).

Whether a fiduciary duty exists in an informal relationship is to be determined from the actualities of the relationship between the persons involved. *See Thigpen v. Locke*, 363 S.W.2d 247, 253 (Tex. 1962); *Dominguez v. Brackey Enters., Inc.*, 756 S.W.2d 788, 791 (Tex.App.--El Paso 1988, writ denied). Moreover, a fiduciary relationship is an extraordinary one and will not be lightly created. *In re Estate of Kuykendall*, 206 S.W.3d 766, 771 (Tex.App.--Texarkana 2006, no pet.). The mere fact that one party subjectively trusts another party does not alone indicate that confidence is placed in another in the sense demanded by fiduciary relationships because something apart from the transaction between the parties is required. *Id.*; *Hoggett v. Brown*, 971 S.W.2d 472, 488 (Tex.App.--Houston [14th Dist.] 1997, pet. denied); *Kline v. O'Quinn*, 874 S.W.2d 776, 786 (Tex.App.--Houston [14th Dist.] 1994, writ denied); *see also Crim Truck & Tractor Co. v. Navistar Intern. Transp. Corp.*, 823 S.W.2d 591, 595 (Tex. 1992)("[M]ere subjective trust alone is not enough to transform arms-length dealing into a fiduciary relationship."). Rather, a fiduciary relationship may arise if the dealings between the parties have continued for such a period of time that a party is justified in relying on another to act in his best interest. *Morris*, 981 S.W.2d at 674; *Blue Bell Inc. v. Peat, Marwick, Mitchell & Co.*,

8

715 S.W.2d 408, 416 (Tex.App.--Dallas 1986, writ ref'd n.r.e.). A party is justified in placing confidence in the belief that another party will act in his or her best interest only where he or she is accustomed to being guided by the judgment or advice of the other party, and there exists a long association in a business relationship as well as personal friendship. *Pabich v. Kellar*, 71 S.W.3d 500, 505 (Tex.App.--Fort Worth 2002, pet. denied); *Hoggett*, 971 S.W.2d at 488; *Dominguez*, 756 S.W.2d at 791-92. However, solely because the relationship between the parties has been lengthy and cordial does not necessarily mean a confidential relationship exists. *Hoggett*, 971 S.W.2d at 488; *Farah v. Mafrige & Kormanik, P.C.*, 927 S.W.2d 663, 675 (Tex.App.--Houston [1st Dist.] 1996, no pet.).

### *Discussion*

In arguing that a fiduciary relationship existed between Achor and Abernathy, Smith asserts that the "evidence clearly shows that [Abernathy] was accustomed to being guided by the judgment and advice of [Achor] in legal and accounting matters," that Abernathy "trusted and relied upon [Achor]," and that "they had a close personal relationship." We disagree.

While it is fairly obvious that Achor and Abernethy had a close personal relationship, Smith has failed to produce competent summary judgment evidence that they had a fiduciary relationship, informal or otherwise. It is undisputed that the evidence not excluded by the trial court – i.e., evidence attached to Achor's motion for summary judgment – established that Achor and Abernethy had a longstanding personal relationship. However, as noted above, Smith produced no competent summary judgment evidence that Abernethy was accustomed to being guided by Achor's judgment and advice in legal, financial, and accounting matters. In the absence of any competent evidence that Abernethy was accustomed to being guided by the

9

judgment or advice of Achor, the existence of a lengthy, cordial, and close relationship between Achor and Abernethy, standing alone, does not establish a confidential relationship rising to the level of a fiduciary relationship. *See Pabich*, 71 S.W.3d at 505; *Farah*, 927 S.W.2d at 675; *Hoggett*, 971 S.W.2d at 488; *Dominguez*, 756 S.W.2d at 791-92. As for the evidence not excluded by the trial court that Abernethy designated Achor as the beneficiary of an IRA and established joint multi-party bank accounts with right of survivorship in favor of Achor, it may be sufficient to show that Abernethy placed some degree of subjective trust in Achor. However, evidence of such subjective trust does not show the level of trust and reliance necessary to establish the existence of a fiduciary relationship. *See Estate of Kuykendall*, 206 S.W.3d at 771. Although there is some evidence that Achor and Abernethy had a longstanding personal relationship and that Abernethy placed some degree of subjective trust in Achor, there is simply insufficient evidence that Abernethy was accustomed to being guided by Achor's judgment and advice in legal, financial, and accounting matters. Accordingly, we hold that Smith failed to raise a genuine issue of material fact as to the existence of a fiduciary relationship between Achor and Abernethy. Because the trial court correctly concluded that there was no fiduciary relationship between Achor and Abernethy, we need not reach Smith's remaining issues. Smith's second, third, and fourth issues are overruled.

## CONCLUSION

The trial court's judgment is affirmed.


May 30, 2012

CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

10