COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
  
  
  
 IN THE ESTATE OF 
 LAURINE NORRIS ABERNETHY,
 DECEASED,
  
 
 
 §
  
 §
  
 §
  
 §
  
 §
  
  § 
  
 
 
  
 No. 08-11-00020-CV
  
 Appeal from the
  
 Probate
 Court No. 2 
  
 of Tarrant
 County, Texas 
  
 (TC# 08-1359-2-A) 
  
 
 


 

O
P I N I O N

In this breach of
fiduciary case, Bethany Smith (Smith), Independent Administrator of the Estate
of Laurine Norris Abernethy, Deceased (Abernethy), appeals the trial court’s
summary judgment in favor of Janet H. Achor (Achor).  Smith raises five issues on appeal.  The first issue challenges certain rulings
the trial court made in excluding evidence. 
The remaining four issues challenge the different bases the trial court
relied upon in granting summary judgment. 
We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Achor was a
certified public accountant who met Abernethy in 1998 and prepared tax returns
for her from then until Abernethy’s death in 2008.  Not only did Achor and Abernethy enjoy a
business relationship, they also enjoyed a social one – the two became and
stayed close personal friends – until Abernethy died.  Achor visited Abernethy weekly at her home
and sent her cards and notes.  Likewise,
Abernethy sent notes and cards to Achor, expressing Abernethy’s gratitude to
Achor for being her best friend and so intimately involved in her life.  When Abernethy was in the hospital before her
death, Achor visited her and spoke to Smith, Abernethy’s granddaughter, about Abernethy’s
medical condition.

In November and December
2000, Abernethy designated Achor as the beneficiary of an IRA and established a
joint multi-party bank account with right of survivorship in favor of
Achor.  In May 2002, Abernethy again
established a joint multi-party bank account with right of survivorship in
favor of Achor.  After Abernethy’s death,
the funds in the bank accounts and IRA passed to Achor, who received
approximately $1.2 million.

In her capacity as
Independent Administrator of Abernethy’s estate, Smith sued Achor, alleging that
Achor’s relationship with Abernethy as her accountant, financial advisor, and
friend created a fiduciary relationship between them.  Seeking approximately $1 million in damages, Smith
claimed that Achor breached her fiduciary duty to Abernethy because Achor put
herself on the joint multi-party bank accounts to which she had not contributed
any funds.[1]  Achor moved for no evidence and traditional summary
judgment on Smith’s breach-of-fiduciary claim.  Smith responded, attaching several exhibits,
including depositions from witnesses and financial documents.

In her reply to
Smith’s response, Achor lodged 24 objections challenging the adequacy of
Smith’s response and the evidence attached thereto.  Significantly, in sustaining the majority of Achor’s
objections,[2]
the trial court struck:  (1) Smith’s
entire response and all of the evidence upon which she relied; and (2) certain
paragraphs in Smith’s response that summarized the evidence she believed
established a fiduciary duty.  Shortly after
ruling on Achor’s objections, the trial court granted summary judgment in
Achor’s favor on both her no-evidence and traditional grounds.  In rendering summary judgment on the
no-evidence grounds, the trial court found that there was no evidence that:  (1) Achor was a fiduciary of Abernethy; (2)
Achor owed any fiduciary duty to Abernethy; (3) Achor breached any fiduciary
duty to Abernethy; and (4) the alleged breach of a fiduciary duty by Achor to
Abernethy proximately caused Smith to suffer damages.  In rendering summary judgment on the sole
traditional ground Achor raised, the trial court found that there was no
genuine issue as to any material fact and that Achor was entitled to summary
judgment as a matter of law because the Probate Code established her absolute
right of survivorship in the IRA and the joint multi-party bank accounts.

Smith moved for a
new trial, but the trial court denied the motion.  This appeal followed.

SUMMARY JUDGMENT STANDARD OF REVIEW

We review a trial
court’s summary judgment de novo.  Mann
Frankfort Stein & Lipp Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848
(Tex. 2009).  When, as here, the trial
court’s  order specifies the grounds on
which it granted summary judgment, the summary judgment can be affirmed only on
the grounds specified in the trial court’s order.  State
Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 380 (Tex. 1993).  Because Achor filed a summary judgment motion
on both no-evidence and traditional grounds, we first review the trial court’s
summary judgment under the no-evidence standard of review.  Ford
Motor Co. v. Ridgway, 135 S.W.3d 598, 600 (Tex. 2004); All American Telephone, Inc. v. USLD Communications, Inc., 291
S.W.3d 518, 526 (Tex.App.--Fort Worth 2009, pet. denied); East Hill Marine, Inc. v. Rinker Boat Co., 229 S.W.3d 813, 816
(Tex.App.--Fort Worth 2007, pet. denied). 
If the non-movant failed to produce more than a scintilla of evidence
under the standards of Rule 166a(i), there is no need to analyze whether the
movant’s summary-judgment proof satisfied the less stringent burden set forth
for traditional summary judgment under Rule 166a(c).  Tex.R.Civ.P.
166a(c) & (d); East Hill Marine, Inc.,
229 S.W.3d at 816.  The trial court is
required to grant the no-evidence motion unless the non-movant produces
competent summary judgment evidence that raises a genuine issue of material
fact regarding each challenged element.  Tex.R.Civ.P. 166a(i); Ford Motor Co., 135 S.W.3d at 600.

In conducting our
no-evidence summary-judgment review, we “review the evidence presented by the
motion and response in the light most favorable to the party against whom the
summary judgment was rendered, crediting evidence favorable to that party if
reasonable jurors could, and disregarding contrary evidence unless reasonable
jurors could not.”  Timpte Industries, Inc. v. Gish, 286 S.W.3d 306, 310 (Tex. 2009), quoting Mack Trucks, Inc. v. Tamez, 206 S.W.3d 572, 582 (Tex. 2006).  A genuine issue of material fact exists when
more than a scintilla of evidence establishing the existence of the challenged
element is produced.  Ford Motor Co., 135 S.W.3d at 600.  More than a scintilla of evidence exists when
the evidence rises to a level that would enable reasonable and fair-minded
people to differ in their conclusions.  King Ranch, Inc. v. Chapman, 118 S.W.3d
742, 751 (Tex. 2003).  However, less than
a scintilla of evidence exists when the evidence is so weak that it does no
more than create a surmise or a suspicion of a fact.  Id.  A fact question exists when the summary
judgment record contains inconsistent or conflicting summary-judgment
proof.  Rankin v. Union Pac. R. Co., 319 S.W.3d 58, 67 (Tex.App.--San
Antonio 2010, no pet.).  When a
non-movant presents more than a scintilla of probative evidence that raises a
genuine issue of material fact, a no-evidence summary judgment is
improper.  Smith v. O’Donnell, 288 S.W.3d 417, 424 (Tex. 2009); compare Ford Motor Co., 135 S.W.3d at 600-01 (trial court properly granted
summary judgment where plaintiffs failed to produce more than a scintilla of
evidence on an essential element of their claim).

A party moving for
traditional summary judgment bears the burden of showing that no genuine issue
of material fact exists and that he is entitled to judgment as a matter of
law.  Tex.R.Civ.P.
166a(c).  To determine if the non-movant
raised a fact issue, we review the evidence in the light most favorable to the
non-movant, crediting favorable evidence if reasonable jurors could do so, and
disregarding contrary evidence unless reasonable jurors could not.  See Mann
Frankfort Stein & Lipp Adivisors, Inc. v. Fielding, 289 S.W.3d 844, 848
(Tex. 2009), citing City of Keller v. Wilson, 168 S.W.3d
802, 827 (Tex. 2005).  A defendant who
conclusively negates a single essential element of a cause of action or
conclusively establishes an affirmative defense is entitled to summary judgment
on that claim.  Frost Nat. Bank v. Fernandez, 315 S.W.3d 494, 509 (Tex. 2010).

EXCLUSION OF EVIDENCE

In her first
issue, Smith contends that the trial court abused its discretion in sustaining:
 (1) Achor’s objections to Smith’s entire
summary judgment response and all of the evidence upon which Smith relied; and
(2) Achor’s objections to certain paragraphs in Smith’s response that
summarized the evidence that Smith believed establishes a fiduciary duty.  We disagree.

Standard
of Review

We review a trial
court’s ruling sustaining an objection to summary judgment evidence for an abuse
of discretion.  Owens v. Comerica Bank, 229 S.W.3d 544, 548 (Tex.App.--Dallas 2007,
no pet.); Barraza v. Eureka Co., A Div.
of White Consolid. Indust., Inc., 25 S.W.3d 225, 228 (Tex.App.--El Paso
2000, pet. denied).  A trial court abuses
its discretion in excluding evidence if it acts arbitrarily and unreasonably.  Cire v.
Cummings, 134 S.W.3d 835, 838-39 (Tex. 2004); Barraza, 25 S.W.3d at 228.

Applicable
Law

            To
show the trial court abused its discretion in excluding evidence, a complaining
party must demonstrate that:  (1) the trial
court erred in excluding the evidence; (2) the erroneously excluded evidence
was controlling on a material issue dispositive of the case and was not
cumulative; and (3) the error probably caused rendition of an improper judgment
in the case.  See Tex. Dep’t of Transp. v. Able, 35 S.W.3d 608, 617 (Tex. 2000); Owens, 229 S.W.3d at 548.  It is the complaining party’s burden, not
ours, to show harm from an erroneous evidentiary ruling.  In re
M.S., 115 S.W.3d 534, 538 (Tex. 2003); see
also City of Brownsville v. Alvarado, 897 S.W.2d 750, 753-54 (Tex. 1995)(“A
successful challenge to evidentiary rulings usually requires the complaining
party to show that the judgment turns on the particular evidence excluded or
admitted.”).

Discussion

Smith has failed
to meet her burden of showing harm.  In
her brief, Smith never discusses, much less provides any argument explaining:  (1) how the allegedly erroneously excluded
evidence was controlling on a material issue dispositive of the case; and (2)
how the outcome would have been different had the trial court not sustained the
particular objections Achor raised.  See Able, 35 S.W.3d at 617; Owens, 229 S.W.3d at 548; In re M.S., 115 S.W.3d at 538.  Rather, in her initial brief and reply brief,
Smith devotes her entire argument attempting to establish that the trial court
erred by sustaining the two specific objections lodged by Achor that Smith challenges
on appeal.  Because Smith focused
exclusively on showing error and neglects to show the required harm, we hold
that Smith failed to establish that the trial court abused its discretion in
excluding her summary judgment response and evidence.  Issue One is overruled.

INFORMAL FIDUCIARY DUTY

Smith’s remaining
four issues challenge the different bases the trial court relied upon in
granting summary judgment in favor of Achor. 
In her second issue, Smith argues that there is more than a scintilla of
evidence that a fiduciary relationship existed between Achor and Abernathy.  In her third issue, Achor asserts that
because Achor and Abernathy had a fiduciary relationship, Achor, as opposed to
Smith, had the obligation to prove that the transactions between Achor and
Abernathy were fair.  In her fourth
issue, Smith contends that there is more than a scintilla of evidence that
Abernathy’s estate suffered damages as a result of Achor’s actions.  And, in her fifth issue, Smith argues that
the trial court should not have granted summary judgment because Achor failed
to rebut the presumption that a gift from a principal to a fiduciary is unfair.  Because the soundness of these four remaining
issues hinges on the existence of a fiduciary relationship between Achor and
Abernathy, we focus our inquiry in determining whether such a relationship
existed.

Applicable Law

The term
“fiduciary” refers to a person owing a duty of integrity and fidelity, and “it
applies to any person who occupies a position of peculiar confidence towards
another.”  Kinzbach Tool Co. v. Corbett-Wallace Corp., 138 Tex. 565, 160
S.W.2d 509, 512 (1942).  There are two
types of fiduciary relationships: formal fiduciary relationships that arise as
a matter of law, such as attorney-client, partnership, trustee, and principal-agent
relationships, and informal fiduciary relationships or “confidential
relationships” that may arise from moral, social, domestic, or personal
relationships.  Crim Truck & Tractor Co. v. Navistar Int’l Transp. Corp., 823
S.W.2d 591, 593-94 (Tex. 1992); Johnson
v. Brewer & Pritchard, P.C., 73 S.W.3d 193, 199 (Tex. 2002); Ins. Co. of N. Am. v. Morris, 981 S.W.2d
667, 674 (Tex. 1998).  For example, the accountant-client
relationship does not always involve a fiduciary duty.  Squyres
v. Christian, 253 S.W.2d 470, 471 (Tex.Civ.App.--Fort Worth 1952, writ
ref’d n.r.e.).

Whether a
fiduciary duty exists in an informal relationship is to be determined from the
actualities of the relationship between the persons involved.  See
Thigpen v. Locke, 363 S.W.2d 247, 253 (Tex. 1962); Dominguez v. Brackey Enters., Inc., 756 S.W.2d 788, 791 (Tex.App.--El Paso
1988, writ denied).  Moreover, a fiduciary
relationship is an extraordinary one and will not be lightly created.  In re
Estate of Kuykendall, 206 S.W.3d 766, 771 (Tex.App.--Texarkana 2006, no
pet.).  The mere fact that one party
subjectively trusts another party does not alone indicate that confidence is
placed in another in the sense demanded by fiduciary relationships because
something apart from the transaction between the parties is required.  Id.;
Hoggett v. Brown, 971 S.W.2d 472, 488
(Tex.App.--Houston [14th Dist.] 1997, pet. denied); Kline v. O’Quinn, 874 S.W.2d 776, 786 (Tex.App.--Houston [14th
Dist.] 1994, writ denied); see also Crim
Truck & Tractor Co. v. Navistar Intern. Transp. Corp., 823 S.W.2d 591,
595 (Tex. 1992)(“[M]ere subjective trust alone is not enough to transform
arms-length dealing into a fiduciary relationship.”).  Rather, a fiduciary relationship may arise if
the dealings between the parties have continued for such a period of time that
a party is justified in relying on another to act in his best interest.  Morris,
981 S.W.2d at 674; Blue Bell Inc. v.
Peat, Marwick, Mitchell & Co., 715 S.W.2d 408, 416 (Tex.App.--Dallas
1986, writ ref’d n.r.e.).  A party is
justified in placing confidence in the belief that another party will act in
his or her best interest only where he or she is accustomed to being guided by
the judgment or advice of the other party, and there exists a long association
in a business relationship as well as personal friendship.  Pabich
v. Kellar, 71 S.W.3d 500, 505 (Tex.App.--Fort Worth 2002, pet. denied); Hoggett, 971 S.W.2d at 488; Dominguez, 756 S.W.2d at 791-92.  However, solely because the relationship
between the parties has been lengthy and cordial does not necessarily mean a
confidential relationship exists.  Hoggett, 971 S.W.2d at 488; Farah v. Mafrige & Kormanik, P.C.,
927 S.W.2d 663, 675 (Tex.App.--Houston [1st Dist.] 1996, no pet.).

Discussion

In arguing that a
fiduciary relationship existed between Achor and Abernathy, Smith asserts that
the “evidence clearly shows that [Abernathy] was accustomed to being guided by
the judgment and advice of [Achor] in legal and accounting matters,” that Abernathy
“trusted and relied upon [Achor],” and that “they had a close personal
relationship.”  We disagree.

While it is fairly
obvious that Achor and Abernethy had a close personal relationship, Smith has
failed to produce competent summary judgment evidence that they had a fiduciary
relationship, informal or otherwise.  It
is undisputed that the evidence not excluded by the trial court – i.e., evidence
attached to Achor’s motion for summary judgment – established that Achor and
Abernethy had a longstanding personal relationship.  However, as noted above, Smith produced no competent
summary judgment evidence that Abernethy was accustomed to being guided by Achor’s
judgment and advice in legal, financial, and accounting matters.  In the absence of any competent evidence that
Abernethy was accustomed to being guided by the judgment or advice of Achor,
the existence of a lengthy, cordial, and close relationship between Achor and
Abernethy, standing alone, does not establish a confidential relationship rising
to the level of a fiduciary relationship. 
See Pabich, 71 S.W.3d at 505; Farah, 927 S.W.2d at 675; Hoggett, 971 S.W.2d at 488; Dominguez, 756 S.W.2d at 791-92.  As for the evidence not excluded by the trial
court that Abernethy designated Achor as the beneficiary of an IRA and
established joint multi-party bank accounts with right of survivorship in favor
of Achor, it may be sufficient to show that Abernethy placed some degree of
subjective trust in Achor.  However, evidence
of such subjective trust does not show the level of trust and reliance
necessary to establish the existence of a fiduciary relationship.  See Estate
of Kuykendall, 206 S.W.3d at 771.  Although
there is some evidence that Achor and Abernethy had a longstanding personal
relationship and that Abernethy placed some degree of subjective trust in Achor,
there is simply insufficient evidence that Abernethy was accustomed to being
guided by Achor’s judgment and advice in legal, financial, and accounting
matters.  Accordingly, we hold that Smith
failed to raise a genuine issue of material fact as to the existence of a
fiduciary relationship between Achor and Abernethy.  Because the trial court correctly concluded
that there was no fiduciary relationship between Achor and Abernethy, we need not
reach Smith’s remaining issues.  Smith’s
second, third, and fourth issues are overruled.

CONCLUSION

            The trial
court’s judgment is affirmed.

 

May 30,
2012

                                                                                    CHRISTOPHER
ANTCLIFF, Justice

 

Before
McClure, C.J., Rivera, and Antcliff, JJ.











[1]
In her live petition, Smith alleges that Achor prepared the document,
designating her as the beneficiary of the IRA, for Abernathy to sign.  However, Smith does not assert that this
behavior constituted a breach of fiduciary duty.  Rather, Smith specifically alleges:  “The fact that Defendant while acting as a
fiduciary filled out beneficiary forms making herself the beneficiary of
[previously described] life insurance policies and annuities owned by . . .
Abernethy . . . constitutes a breach of a fiduciary relationship.”

 





[2]
The trial court sustained sixteen of Achor’s objections in their entirety,
overruled five of them entirely, and sustained in part and overruled in part
the remaining objections.