# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 14, 2022

Lyle W. Cayce
Clerk

No. 22-20239

Taya Agricultural Feed Mill Company,

*Plaintiff—Appellant*,

*versus*

Heritier Byishimo; JP Morgan Chase Bank, N.A.; Marco Garcia,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-03088

Before Stewart, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:*

Taya Agricultural Feed Mill Company alleges that Heritier Byishimo defrauded Taya by convincing it to enter a fake contract with a fictitious company, Alaxco International. According to Taya, Byishimo enlisted Marco Garcia to open a fraudulent account under Alaxco International's name at JPMorgan Chase Bank, N.A. Taya then wired over $150,000 into the account

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

in exchange for goods that were never delivered.[1] Taya demanded the money back but never received any of it.

Taya initially sued Byishimo, Alaxco International, and Chase Bank. The district court dismissed the complaint without prejudice and gave Taya leave to amend its complaint. Taya then filed an amended complaint against Byishimo, Chase Bank, and Garcia. It brought conversion and fraud claims against all three defendants and a negligence claim against Chase Bank. The district court dismissed the claims against Chase Bank and Garcia with prejudice and the claims against Byishimo without prejudice.

On appeal Taya challenges the district court's dismissal of its claims for fraud against Chase Bank and Garcia and its claim for negligence against Chase Bank. We review the dismissals *de novo*. *Vizaline, L.L.C. v. Tracy*, 949 F.3d 927, 931 (5th Cir. 2020).

First, the claims for fraud. To bring a claim for fraud, a plaintiff must "state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.* State-law fraud claims brought in federal court must meet the federal pleading requirements. *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1998). "Pleading fraud with particularity in this circuit requires time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby." *Id.* (quotation omitted).

To bring a claim of fraud by misrepresentation under Texas law, a plaintiff must allege: "(1) a misrepresentation that (2) the speaker knew to be

---

[1] The record isn't clear on whether Taya lost $152,000 or $152,500. Both figures appear in the record.

false or made recklessly (3) with the intention to induce the plaintiff's reliance, followed by (4) actual and justifiable reliance (5) causing injury." *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010). For a fraud-by-omission claim, the plaintiff must identify specific circumstances, usually a confidential or fiduciary relationship, creating a duty to speak. *Id.*

Taya claims Garcia committed fraud by misrepresentation. But Taya does not sufficiently allege that Garcia misrepresented anything. According to Taya, "*Byishimo* . . . approached" Taya with the contract, "*Byishimo* represented that Alaxco could deliver" the goods in exchange for payment and entered the contract with Taya, "*Byishimo* provided [Taya] with an invoice," which included information on wiring money to the fraudulent bank account, and in providing the wire information, "*Byishimo* represented to [Taya] that Alaxco was, in fact, a legitimate entity that could deliver the necessary goods and that it had a legitimate bank account at Chase Bank." (All emphases added.) Taya tries to connect Garcia to Byishimo's misconduct by claiming that Garcia engaged in misrepresentation when he opened a fraudulent bank account on behalf of Byishimo. But Taya provides no authority for the proposition that merely opening a bank account constitutes a material misrepresentation under Texas law.

Taya next claims that Chase Bank committed fraud by omission. But Chase had no duty to disclose. Chase Bank and Taya did not have a "confidential or fiduciary relationship," and Chase Bank did not "make[] a partial disclosure [or] convey[] a false impression." *Rio Grande Royalty Co.*, 620 F.3d at 468 (quotation omitted). The district court correctly dismissed the claims for fraud.

Second, the negligence claim against Chase Bank. To plead negligence, Taya must show plausible facts demonstrating "the existence of

a legal duty, a breach of that duty, and damages proximately caused by the breach." *Rodriguez-Escobar v. Goss*, 392 S.W.3d 109, 113 (Tex. 2013) (quotation omitted). Taya admits that banks do not owe duties to non-customers under Texas law. Thus, absent such a relationship between the parties or other extenuating circumstances, Taya cannot prevail on its negligence claim. *See JPMorgan Chase Bank, N.A. v. Pro. Pharmacy II*, 508 S.W.3d 391, 417 (Tex. App.—Fort Worth 2014, no pet.); *Owens v. Comerica Bank*, 229 S.W.3d 544, 547 (Tex. App.—Dallas 2007, no pet.); *Guerra v. Regions Bank*, 188 S.W.3d 744, 747 (Tex. App.—Tyler 2006, no pet.).[2]

Taya also raises a negligent supervision claim against Chase Bank. But because Taya cannot prevail on a tort claim against Chase Bank's employee, it cannot succeed on a negligent supervision claim against Chase Bank. *See Wansey v. Hole*, 379 S.W.3d 246, 247 (Tex. 2012); *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 800 (Tex. 2010).

AFFIRMED.

---

[2] Even if Chase Bank had a duty to Taya, and Chase Bank breached that duty, Chase Bank did not proximately cause Taya's injury. "Proximate cause has two elements: cause in fact and foreseeability." *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 551 (Tex. 2005). "These elements cannot be established by mere conjecture, guess, or speculation." *Id.* (quotation omitted). The negligent act must be "a substantial factor in causing the injury." *Id.* It's not enough if "the defendant's negligence merely furnished a condition that made the injuries possible." *Id.* Chase Bank merely furnished a condition by opening a bank account. It was not foreseeable that Byishimo would enter this false contract, induce Taya to deposit over $150,000 in the account, and then escape with the funds as a result.