# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-15-00034-CV

Juan O. Lopez d/b/a J.L. Construction Co., Appellant

v.

Dave H. Bucholz and Mary A. Bucholz, Appellees

FROM THE DISTRICT COURT OF COMAL COUNTY, 274TH JUDICIAL DISTRICT
NO. C2014-0259C, HONORABLE DIB WALDRIP, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Juan O. Lopez d/b/a J.L. Construction Co. appeals from the trial court's judgment granting the traditional and no-evidence summary-judgment motions of appellees Dave H. Bucholz and Mary A. Bucholz. In four issues, Lopez argues that the trial court erred in sustaining the Bucholzes' objections to his summary-judgment evidence, granting the Bucholzes' summary-judgment motions on his claims and their counterclaim, and awarding the Bucholzes attorney's fees. We will affirm in part and reverse and remand in part.

## BACKGROUND

The record shows that in November 2012, the Bucholzes entered into a contract with a general contractor, Scott Preiss, for the construction of a home in Comal County. Lopez worked as a subcontractor on the construction of the home and completed various parts of the project, including framing the home and pouring the home's concrete-slab foundation. The issues in this

appeal arose because Lopez claimed that in addition to the other work he did on the home, he also installed a driveway, sidewalk, and flagstone for the Bucholzes' home and received only a partial payment of $5,000 for the work. He alleged that the unpaid portion of the work totaled $27,584.80. He sent a demand letter for payment to the Bucholzes in January 2014 and then filed suit against them in March 2014, alleging that he had an oral contract directly with the Bucholzes for the alleged additional work that was separate and apart from the Bucholzes' contract with Preiss. He brought claims for breach of contract, sworn account, quantum meruit, and foreclosure of a constitutional lien. The Bucholzes filed a counterclaim for declaratory judgment, seeking declarations that Lopez was not entitled to a constitutional lien and that any affidavit he had filed for a constitutional lien was void. Both parties also sought attorney's fees.

The Bucholzes filed motions for traditional and no-evidence summary judgment seeking summary judgment on all of Lopez's claims and on their claims for declaratory judgment. After Lopez responded to the summary-judgment motion, the Bucholzes objected to his summary-judgment evidence. The trial court sustained the Bucholzes' objections to Lopez's summary-judgment evidence, granted the Bucholzes' traditional and no-evidence summary judgment motions, and awarded the Bucholzes attorney's fees in the amount of $20,853.84. This appeal followed.

## DISCUSSION

Lopez appeals from the trial court's rulings on his summary-judgment evidence, the Bucholzes' summary-judgment motions, and the Bucholzes' request for attorney's fees. We will address each of his issues below.

2

***Summary-Judgment Evidence***

In his first issue, Lopez contends that the trial court erred in sustaining the Bucholzes' objections to two affidavits he submitted as summary-judgment evidence. The affidavits were those of Lopez and Preiss. We review evidentiary rulings in summary-judgment proceedings under an abuse-of-discretion standard. *See Ordonez v. Solorio*, 480 S.W.3d 56, 67–68 (Tex. App.—El Paso 2015, no pet.); *Paciwest, Inc. v. Warner Alan Props., LLC*, 266 S.W.3d 559, 567 (Tex. App.—Fort Worth 2008, pet. denied); *Owens v. Comerica Bank*, 229 S.W.3d 544, 548 (Tex. App.—Dallas 2007, no pet.); *see also Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 906 (Tex. 2000) (trial court's decision to admit or exclude evidence is reviewed for abuse of discretion). A trial court abuses its discretion if it acts without regard to guiding rules or principles. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). We must uphold the trial court's evidentiary ruling if there is any legitimate basis for the ruling. *Id.* Further, to establish reversible error on an evidentiary complaint, the complaining party must show that the trial court erred in excluding the evidence and that the error probably caused rendition of an improper judgment. *See Horizon/CMS*, 34 S.W.3d at 906; *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753–54 (Tex. 1995).

The affidavits offered by Lopez in response to the Bucholzes' summary-judgment motions were those of Lopez and Preiss. In Lopez's affidavit, he stated the following:

> My name is [Lopez]. I am over 18 years of age and I am competent to make this affidavit, which is true and correct, and which is based on my personal knowledge, and is made voluntarily.

3

I am the Sole Proprietor of J.L. Construction Co. and in such capacity perform all administrative and operations activities of J.L. Construction Co. It was in my capacity as Sole Proprietor that I gained personal knowledge of the facts set forth in this Affidavit.

In my capacity as the Sole Proprietor of J.L. Construction Co., I oversaw the construction work performed at the residence of Dave H. and Mary A. Bucholz.

The work for which J.L. Construction Co. seeks payment was performed in a good and workmanlike manner at the direct request of Dave H. Bucholz.

Dave H. Bucholz approved the work and paid only a partial payment of $5,000.00 leaving a balance due of $27,584.80.

The partial payment of $5,000 was paid directly by Dave H. Bucholz on August 22, 2013, under his personal bank account.

The work was performed in accordance with the instruction given by Dave H. Bucholz to me on behalf of J.L. Construction Co.

The prices charged were the reasonable and necessary value of the work performed.

The undated invoice and the invoice dated October 7, 2013 . . . were submitted to Dave H. Bucholz for payment on or about October 7, 2013.

In the affidavit of Preiss (the general contractor), Preiss stated, in relevant part:

My name is [Preiss]. I am of sound mind, capable of making this affidavit, and over the age of eighteen (18) years. I have never been convicted of a felony or crime of moral turpitude. I have personal knowledge of the statements in this affidavit, and the statements in this affidavit are true and correct.

I am the Sole Proprietor of Scott Preiss Construction and in such capacity perform all administrative and operations activities of Scott Preiss Construction. It was in my capacity as Sole Proprietor that I gained personal knowledge of the facts set forth in this Affidavit.

As sole Proprietor of Scott Preiss Construction, I entered a written agreement with Dave H. Bucholz and Mary A. Bucholz to perform a defined scope of work at the Bucholzes' residence.

4

The written agreement I had with Dave H. Bucholz and Mary A. Bucholz did not include the installation of a new driveway, sidewalk and flagstone.

The installation of a new driveway, sidewalk and flagstone at the Bucholzes' residence was extra work performed by Juan O. Lopez (the "Extra Work").

The Extra Work performed by Juan O. Lopez was not performed subject to the written agreement between me and the Bucholzes.

The Extra Work performed by Juan O. Lopez was not performed under any agreement between me and Juan O. Lopez.

I had no involvement in directing or agreeing to pay for the Extra Work performed by Juan O. Lopez.

The Bucholzes' directed Juan O. Lopez to perform the Extra Work.

The Bucholzes raised several objections to the affidavits. To begin with, they objected to portions of Lopez's affidavit in which he referenced a $5,000 payment he received from Mr. Bucholz for his work. Specifically, the Bucholzes objected to the following two statements: "[Mr. Bucholz] approved the work and paid only a partial payment of $5,000.00 leaving a balance due of $27,584.80," and "[t]he partial payment of $5,000 was paid directly by [Mr. Bucholz] on August 22, 2013, under his personal bank account." In objecting to the two statements, the Bucholzes cited rule 193.6(a) of the Texas Rules of Civil Procedure and argued that the statements should be stricken under that rule because they "ma[d]e reference to a check" that Lopez had not produced in response to a request for production during the discovery process. *See* Tex. R. Civ. P. 193.6(a) ("A party who fails to make, amend, or supplement a discovery response in a timely manner may not introduce in evidence the material or information that was not timely disclosed . . . unless the court finds that: (1) there was good cause for the failure to timely make, amend, or supplement

5

the discovery response; or (2) the failure to timely make, amend, or supplement the discovery response will not unfairly surprise or unfairly prejudice the other parties."). However, Lopez's statements did not specifically reference a check but rather referenced a "payment," and even if his statement that the payment was made "under [Mr. Bucholz's] personal bank account" suggests that Mr. Bucholz paid him with a check, it is the check itself that could potentially be excluded under Rule 193.6(a), not testimony about receiving a payment. *See id*. In addition, one of the invoices Lopez attached to his petition and presented again later as summary-judgment evidence showed a credit of $5,000 applied to the total amount due. Thus, the Bucholzes had already been made aware of the alleged $5,000 payment. We also note that in the best-evidence rule context, "[e]vidence to the effect that a payment has been made is admissible without introduction of the check given in payment." *See Cockrell v. Republic Mortg. Ins. Co.*, 817 S.W.2d 106, 116 (Tex. App.—Dallas 1991, no writ) (citing *Jackman v. Jackman*, 533 S.W.2d 361, 362 (Tex. Civ. App.—San Antonio 1975, no writ)). Given the foregoing, we conclude that the trial court erred in sustaining the Bucholzes' objection to the two statements under rule 193.6(a).

The Bucholzes also cited rule 166a(f) of the Texas Rules of Civil Procedure and asserted that the affidavits were "conclusory, self-serving, not readily controvertible, not best evidence, and contain[ed] unsubstantiated legal and factual conclusions."[1] Rule 166a(f) states, in relevant part, that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall

---

[1] Although the Bucholzes made a general allegation that the affidavits were "not best evidence," the Bucholzes did not provide any further argument on the issue in the summary-judgment proceedings, nor do they provide argument on appeal. Thus, we do not address this objection.

6

set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Tex. R. Civ. P. 166a(f). The Bucholzes argued that the affidavits should be excluded under rule 166a(f) because "[a]n affidavit that makes self-serving, conclusory statements without any underlying factual detail cannot support summary judgment."

The specific statements in Lopez's affidavit that the Bucholzes asserted were conclusory are the following: "The work for which J.L. Construction Co. seeks payment was performed in a good and workmanlike manner at the direct request of Dave H. Bucholz . . . Dave H. Bucholz approved the work . . . [t]he work was performed in accordance with the instruction given by Dave H. Bucholz to me . . . [and] [t]he prices charged were the reasonable and necessary value of the work performed." A conclusory statement is one that does not provide the underlying facts to support the conclusion. *See Riner v. Newmann*, 353 S.W.3d 312, 321 (Tex. App.—Dallas 2011, no pet.). Conclusory statements in affidavits are not sufficient to raise fact issues because they are not credible or susceptible to being readily controverted. *La China v. Woodlands Operating Co.*, 417 S.W.3d 516, 520 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (citing *Ryland Group v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996) (per curiam)).

Here, we conclude that the trial court did not abuse its discretion in striking two of the statements as conclusory—that the work was "performed in a good and workmanlike manner" and that "the prices charged were the reasonable and necessary value of the work performed." *See Riner*, 353 S.W.3d at 321. However, the remaining statements—that the work was performed "at the direct request of" Mr. Bucholz, that Mr. Bucholz "approved the work" and that "the work was

7

performed in accordance with the instruction given by" Mr. Bucholz are not conclusory because they are merely factual assertions that would be easily controvertible by the Bucholzes. *See Padilla v. Metropolitan Transit Auth. of Harris Cty*., 497 S.W.3d 78, 86 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (statement in affidavit not conclusory because it was statement of fact, not inference from unstated facts); *Brewer v. Capital Cities/ABC, Inc.*, 986 S.W.2d 636, 641 n.4 (Tex. App.—Fort Worth 1998, no pet.) ("[B]ecause [appellee] makes only factual assertions in her affidavit and not legal conclusions, her affidavit is not conclusory and was properly admitted by the trial court.").

The statements in Preiss's affidavit that the Bucholzes alleged were legal conclusions were the following:

> The written agreement I had with Dave H. Bucholz and Mary A. Bucholz did not include the installation of a new driveway, sidewalk and flagstone.
>
> The Extra Work performed by Juan O. Lopez was not performed subject to the written agreement between me and the Bucholzes.
>
> The Extra Work performed by Juan O. Lopez was not performed under any agreement between me and Juan O. Lopez.
>
> I had no involvement in directing or agreeing to pay for the Extra Work performed by Juan O. Lopez.

We agree that the first two statements were properly excluded as legal conclusions about the interpretation of a contract. *See Marquis Acquisitions, Inc. v. Steadfast Ins. Co.*, 409 S.W.3d 808, 814 (Tex. App.—Dallas 2013, no pet.). However, we disagree that the remaining statements were conclusory, as the remaining two statements were assertions of fact based on Preiss's personal knowledge. *See Padilla*, 497 S.W.3d at 86; *Brewer*, 986 S.W.2d at 641 n.4.

8

The Bucholzes also objected to the final statement in Preiss's affidavit—that "[t]he Bucholzes directed Juan O. Lopez to perform the Extra Work"—on the grounds that the statement was hearsay and conclusory and that Preiss did not show he had personal knowledge to make the statement. We agree that the statement was properly excluded. Preiss offered a conclusion about the Bucholzes directing Lopez to do the work but did not offer any evidence that he had personal knowledge of the matter. *See* Tex. R. Evid. 602, 801(d), 802; *Weirich v. IESI Corp.*, No. 03-14-00819-CV, 2016 WL 4628066, *3 (Tex. App.—Austin Aug. 31, 2016, no pet.) (mem. op.).

The Bucholzes also raised objections to the entirety of both affidavits and to specific portions of each affidavit, arguing that Lopez and Preiss were "interested witnesses" and citing rule 166a(c) of the Texas Rules of Civil Procedure. Rule 166a(c) states, in relevant part, that "[a] summary judgment may be based on uncontroverted testimonial evidence of an interested witness . . . if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." Tex. R. Civ. P. 166a(c). The rule plainly states that it applies to evidence on which *a summary judgment may be based*, not to a non-movant's summary-judgment evidence. *See id.*; *Brooks v. Excellence Mortg., Ltd.*, 486 S.W.3d 29, 39 (Tex. App.—San Antonio 2015, pet. denied) (interested-witness provision in rule 166a(c) does not apply to affidavits "when [they are] examined to determine whether they raise a fact issue sufficient to defeat [the movant's] traditional [summary-judgment] motion"); *Fieldtech Avionics & Instruments, Inc. v. Component Control.Com, Inc.*, 262 S.W.3d 813, 827 (Tex. App.—Fort Worth 2008, no pet.) ("[W]hile testimony from an interested witness cannot serve as a

9

basis for granting summary judgment in some instances, it is enough to create a fact issue that justifies denying summary judgment."); *De La Morena v. Ingenieria E Maquinaria De Guadalupe, S.A.*, 56 S.W.3d 652, 658 (Tex. App.—Waco 2001, no pet.) ("By its express language, the [interested-witness] part of Rule 166a(c) relied on by [the movant] does not apply to a non-movant's affidavit. That part specifically refers to the evidence on which a summary judgment 'may be based.'"). Here, the affidavits of Lopez and Preiss were offered *in response* to the Bucholzes' summary-judgment motion. Lopez did not file a summary-judgment motion. Thus, the trial court erred in excluding the affidavits on this basis. *See* Tex. R. Civ. P. 166a(c); *Brooks*, 486 S.W.3d at 39; *Fieldtech*, 262 S.W.3d at 827; *De La Morena*, 56 S.W.3d at 658.

The Bucholzes also objected to the affidavits on the basis that they were "self-serving" and cited to *Vice v. Kasprzak*, 318 S.W.3d 1, 11 n.5 (Tex. App.—Houston [1st Dist.] 2009, pet. denied), in support of their objection. *See id.* ("[C]onclusory and self-serving affidavits submitted as summary judgment evidence by either the movant or the non-movant are not counted as summary judgment evidence."). However, the Bucholzes cite to no other authority (other than generally to rule 166a(f) of the rules of civil procedure), and we have found none, suggesting that statements in a non-movant's affidavit in a summary-judgment proceeding can be excluded based solely on a conclusion that they are beneficial to the person making them. Accordingly, we conclude that the trial court erred in striking the affidavits based on this objection.

Because the portions of the affidavits erroneously excluded are integral to our reversal of the Bucholzes' summary-judgment motions, which we explain below, we necessarily conclude that Lopez has established the second requirement necessary to establish reversible error on his

10

evidentiary complaints: that the trial court's error in excluding portions of the affidavits probably caused the rendition of an improper judgment. *See Horizon/CMS*, 34 S.W.3d at 906; *Alvarado*, 897 S.W.2d at 753–54.

### *Summary Judgment*

Lopez brought the following claims in his petition: (1) breach of contract, (2) quantum meruit, and (3) foreclosure of a constitutional lien.[3] In their answer to Lopez's petition, the Bucholzes brought a counterclaim for declaratory judgment, asking for declarations that Lopez was not entitled to a constitutional lien and that any affidavit he had filed for a constitutional lien was void. The Bucholzes filed traditional and no-evidence summary-judgment motions on all of Lopez's claims. They also sought summary judgment on their counterclaim for declaratory judgment. The trial court granted their motions.[4] We will address each claim under its applicable summary-judgment standard below.

---

[3] Lopez also alleged a suit on a sworn account in his petition. However, on appeal, he does not address his suit on a sworn account in any way and has therefore waived appellate review of the trial court's resolution of this claim. *See* Tex. R. App. P. 38.1(i); *Ross v. St. Luke's Episcopal Hosp.*, 462 S.W.3d 496, 500 (Tex. 2015); *Liberty Mut. Ins. Co. v. Griesing*, 150 S.W.3d 640, 648 (Tex. App.—Austin 2004, pet. dism'd w.o.j.).

[4] The Bucholzes also stated in their motion for summary judgment that Lopez's "claim for an oral contract violates the statute of frauds," but they never presented evidence or argument on that issue, and they never raised the issue again, either in the summary-judgment proceedings or on appeal. They also did not initially plead the statute of frauds as an affirmative defense. Thus, summary judgment could not have been based on this issue. *See Dynegy, Inc. v. Yates*, 422 S.W.3d 638, 642-43 (Tex. 2013) (burden shifts to plaintiff to establish exception to statute of frauds only after defendant conclusively establishes affirmative defense of statute of frauds).

### A.       Standard of Review

We review the trial court's grant or denial of summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). A no-evidence motion for summary judgment under rule 166a(i) must challenge specific elements of the opponent's claim or defense on which the opponent will have the burden of proof at trial. Tex. R. Civ. P. 166a(i). The opponent must then present summary-judgment evidence raising a genuine issue of material fact to support the challenged elements. *Id.* A genuine issue of material fact exists if the non-movant produces more than a scintilla of evidence supporting the existence of the challenged element. *Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004). "More than a scintilla of evidence exists when the evidence 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)).

A traditional motion for summary judgment must show that there is no genuine issue as to a specified material fact and, therefore, that the moving party is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). For a defendant to prevail on a traditional motion for summary judgment, he must either disprove at least one element of the plaintiff's claim as a matter of law, or he must conclusively establish all elements of an affirmative defense. *Friendswood Dev. Co. v. McDade & Co.*, 926 S.W.2d 280, 282 (Tex. 1996); *Kalyanaram v. University of Tex. Sys.*, 230 S.W.3d 921, 925 (Tex. App.—Dallas 2007, pet. denied). If the movant meets its burden, then and only then must the non-movant respond and present evidence raising a fact issue. *See Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222–23 (Tex. 1999). We consider the evidence

12

presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008).

When defendants move for a traditional summary judgment on their counterclaim (as appellees did with respect to their counterclaims for declaratory judgment in this case), they must conclusively prove all essential elements of their counterclaim. *See Rhone-Poulenc*, 997 S.W.2d at 223. If they conclusively establish their counterclaim, the burden shifts to the plaintiff to respond. *See M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000).

When a motion for summary judgment presents both no-evidence and traditional grounds, we typically first review the propriety of the summary judgment under the rule 166a(i) no-evidence standards. *See Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). However, in the interest of efficiency, we may review a summary judgment under the traditional standard of rule 166a(c) first if the application of that standard would be dispositive. *Melendez v. Citimortgage, Inc.*, No. 03-14-00029-CV, 2015 WL 5781103, at *3 (Tex. App.—Austin Oct. 2, 2015, pet. denied) (mem. op.); *see also* Tex. R. App. P. 47.1.

Further, when a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, as happened in this case, summary judgment will be affirmed on appeal if any of the theories presented to the trial court and preserved

13

for appellate review are meritorious. *Provident Life*, 128 S.W.3d at 216; *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995).

### B.    Traditional Summary-Judgment Motion

In their traditional summary-judgment motion, the Bucholzes challenged certain elements of each of Lopez's claims and moved for summary judgment as a matter of law on their counterclaim for declaratory judgment. We will address each of the claims below.

### i.    Breach-of-Contract Claim

In his petition, Lopez alleged that the Bucholzes breached an oral contract with him because he "provided services and material on behalf, and at the direction of, [the Bucholzes]," that the Bucholzes "were made aware of the costs of such work," and that they "failed to pay invoices for such services despite notice of delinquency." Lopez attached to his petition two invoices totaling $27,584.80.

The elements of a breach of contract claim are (1) the existence of a valid contract between the plaintiff and defendant, (2) performance by the plaintiff, (3) a breach of the contract by the defendant, and (4) damage suffered by the plaintiff as a result of the breach. *See Southern Elec. Servs., Inc. v. City of Hous.*, 355 S.W.3d 319, 323–24 (Tex. App.—Houston [1st Dist.] 2011, pet. denied); *Barnett v. Coppell N. Tex. Court, Ltd.*, 123 S.W.3d 804, 815 (Tex. App.—Dallas 2003, pet. denied). In their traditional summary-judgment motion, the Bucholzes challenged only the first element of Lopez's breach-of-contract claim: whether a valid contract existed between them and Lopez. Specifically, the Bucholzes argued that "[t]he only evidence of a contract is between the

14

[Bucholzes] and Scott Preiss as Contractor" and that "Lopez was the subcontractor of Scott Preiss and any contract or breach thereof is with Scott Preiss."

The elements of a valid oral contract are (1) an offer, (2) an acceptance in strict compliance with the terms of an offer, (3) a meeting of the minds, (4) a communication that each party consented to the terms of the contract, and (5) consideration. *See Turner v. NJN Cotton Co.*, 485 S.W.3d 513, 521 (Tex. App.—Eastland 2015, pet. denied); *Expro Ams., LLC v. Sanguine Gas Expl., LLC*, 351 S.W.3d 915, 920 (Tex. App.—Houston [14th Dist.] 2011, pet. denied).

The evidence presented by Lopez in response to the Bucholzes' no-evidence summary-judgment motion included two invoices and Lopez's and Preiss's affidavits. After deleting the portions of Lopez's affidavit that we concluded above were properly excluded, the following portions remain, in relevant part:

> In my capacity as the Sole Proprietor of J.L. Construction Co., I oversaw the construction work performed at the residence of Dave H. and Mary A. Bucholz.
>
> The work for which J.L. Construction Co. seeks payment was performed . . . at the direct request of Dave H. Bucholz.
>
> Dave H. Bucholz approved the work and paid only a partial payment of $5,000.00 leaving a balance due of $27,584.80.
>
> The partial payment of $5,000 was paid directly by Dave H. Bucholz on August 22, 2013, under his personal bank account.
>
> The work was performed in accordance with the instruction given by Dave H. Bucholz to me on behalf of J.L. Construction Co.
>
> . . . .
>
> The undated invoice and the invoice dated October 7, 2013 . . . were submitted to Dave H. Bucholz for payment on or about October 7, 2013.

The first invoice provided by Lopez is undated.  It lists the address of the Bucholzes' home and then states:[5]

| Flagstone in the porch and steps | 622.00 |
|---|---|
| Cover with flagstone [illegible] | 1656.00 |
| | 11,388 |

The second invoice is dated October 7, 2013.  It again lists the address of the Bucholzes' home and then states:

| Driveway | 19,151.80 |
|---|---|
| Seventeen Steps | 1,275.00 |
| Steel Pipe | 525.00 |
| Remove [illegible] | 125.00 |
| [Illegible] | 120.00 |
| | 21,196.80 |
| | -5000.00 |
| | $16,196.80 |

The remaining portions of Preiss's affidavit after deleting the portions that we concluded were properly excluded by the trial court include the following, in relevant part:

As sole Proprietor of Scott Preiss Construction, I entered a written agreement with Dave H. Bucholz and Mary A. Bucholz to perform a defined scope of work at the Bucholzes' residence.

. . . .

The installation of a new driveway, sidewalk and flagstone at the Bucholzes' residence was extra work performed by Juan O. Lopez (the "Extra Work").

---

[5] Lopez does not explain the discrepancy between the addition of the two amounts listed and the total.

16

. . . .

> The Extra Work performed by Juan O. Lopez was not performed under any agreement between me and Juan O. Lopez.

> I had no involvement in directing or agreeing to pay for the Extra Work performed by Juan O. Lopez.

Considering all of the evidence presented in the light most favorable to Lopez, as we must, we conclude that Lopez raised a fact issue on each element required for a valid oral contract. Specifically, Preiss's affidavit includes evidence that Lopez performed work for the Bucholzes that was not directed by Preiss and that was not conducted as part of an agreement between Preiss and Lopez. The affidavit further includes evidence that the additional work included the installation of a driveway, sidewalk, and flagstone. The Bucholzes have at no time denied that Lopez installed a driveway, sidewalk, and flagstone at their home. Lopez's affidavit includes evidence that the additional work was performed "at the direct request of" and "in accordance with the instruction given by" Mr. Bucholz, that Mr. Bucholz "approved the work," and that Mr. Bucholz made a partial payment of $5,000 from his personal bank account directly to Lopez. Lopez's affidavit further includes evidence that Lopez submitted invoices to Mr. Bucholz, and the invoices themselves are some evidence that Lopez sought payment for, among other things, flagstone and a driveway and that Lopez subtracted $5,000 from one of the invoices. Thus, the affidavits and invoices raise a fact issue on each of the first four elements of an oral contract—an offer, acceptance, meeting of the minds, and a communication that each party consented to the terms of the contract—because they include evidence that Mr. Bucholz requested the work, approved it, and made a partial payment for it and that the work was not done as part of an agreement between Preiss and Lopez. Lopez's affidavit and

17

the invoices also raise a fact issue regarding the final element of an oral contract—consideration—because they are evidence that the cost of the work totaled $27,584.80 after Lopez applied a $5,000 partial payment from the Bucholzes. Accordingly, we conclude that the trial court erred in granting the Bucholzes' traditional summary-judgment motion on Lopez's breach-of-contract claim. *See* Tex. R. Civ. P. 166a(c).

### ii. Quantum Meruit

In Lopez's quantum-meruit claim in his petition, he alleged that he "provided valuable merchandise and services, namely the installation of a driveway, sidewalk, and flagstone," that the Bucholzes accepted the services, and that they "knew that [he] expected to be compensated for these services but failed to compensate" him. Quantum meruit is an equitable theory of recovery based on an implied agreement to pay for benefits received. *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992). Generally, a party may recover under quantum meruit only when there is no express contract covering the services or materials furnished. *Vortt Expl. Co. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex. 1990). The elements of a quantum-meruit claim include proof that: (1) valuable services were rendered or materials furnished, (2) the services or materials were rendered or furnished to the defendants, (3) the services or materials were accepted, used, and enjoyed by the defendants, and (4) the services or materials were rendered or furnished to the defendants under circumstances that reasonably notified the defendants that the plaintiff was expecting to be paid by the defendants. *See Bashara v. Baptist Mem'l Hosp. Sys.*, 685 S.W.2d 307, 310 (Tex. 1985); *Fulgham v. Fischer*, 349 S.W.3d 153, 159 (Tex. App.—Dallas 2011, no pet.).

In their traditional summary-judgment motion, the Bucholzes argued that they were entitled to summary judgment on Lopez's quantum-meruit claim because the only contract in this case was between them and Preiss as the general contractor. They argued that Lopez submitted invoices for other work he did on the home to Preiss, that he named Preiss on the other invoices, and that previous work done by Lopez was paid from draws on the construction loan signed by Preiss. They asserted that "[n]o claim can exist for quantum meruit in this case because the evidence shows that the work was done for [Preiss] and [the Bucholzes] only received notice that [Lopez] expected payment from them . . . after work was completed." The Bucholzes also argued that a quantum-meruit claim is not available where there is an express contract already in place, as there was here between the Bucholzes and Preiss.

However, even taking into account the existence of the contract between Preiss and the Bucholzes and the other arguments of the Bucholzes, Lopez's response—as set forth above in the two invoices and remaining portions of Lopez's and Preiss's affidavits—is sufficient to raise a fact issue on each element of quantum meruit. To begin with, Lopez provided evidence that valuable services—the installation of a driveway, sidewalk, and flagstone—were rendered to the Bucholzes. He also provided evidence that the services were accepted, used, and enjoyed by the defendants because he stated in his affidavit that Mr. Bucholz directed the work, approved it, and made a partial payment of $5,000 for it and because he presented invoices for the work that included a $5,000 credit. Further, the Bucholzes have never denied that Lopez installed a driveway, sidewalk, and flagstone at their home. In addition, the statements in Preiss's affidavit—including statements that Preiss had a contract with the Bucholzes for work on their home; that Lopez performed "extra work" on the home that included the installation of a driveway, sidewalk, and flagstone; that the extra work

19

was not performed under an agreement between Preiss and Lopez; and that Preiss had "no involvement in directing or agreeing to pay" for the extra work—raise an issue of material fact that the services were rendered to the Bucholzes under circumstances that reasonably notified them that Lopez expected to be paid by them. Given our determination that Lopez raised an issue of material fact on all elements of his quantum-meruit claim, we conclude that the trial court erred in granting the Bucholzes' traditional summary-judgment motion on this claim. *See* Tex. R. Civ. P. 166a(c).

### iii. Constitutional-Lien Claim

Lopez also alleged in his petition that he was entitled to foreclosure of a constitutional lien against the Bucholzes' property pursuant to section 37 of article XVI of the Texas Constitution. *See* Tex. Const. art. XVI, § 37. Section 37 states that "[m]echanics, artisans and material men, of every class, shall have a lien upon the buildings and articles made or repaired by them for the value of their labor done thereon, or material furnished therefor; and the Legislature shall provide by law for the speedy and efficient enforcement of said liens." *Id.*

In their traditional summary-judgment motion, the Bucholzes argued that Lopez had no viable claim for a constitutional lien because "a constitutional lien is only available to those who contract directly with the property owner" and because Lopez had no evidence that a contract existed between him and the Bucholzes. The Bucholzes are correct that a constitutional lien such as the one requested in this case requires the lienholder to be in privity of contract with the landowner. *See Da-Col Paint Mfg. Co. v. American Indem. Co.*, 517 S.W.2d 270, 273 (Tex. 1974) ("A subcontractor does not have a constitutional lien."); *Guniganti v. C & S Components Co.*, 467 S.W.3d 661, 666 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *Trinity Drywall Sys., LLC v. Toka Gen.*

20

*Contractors, Ltd.*, 416 S.W.3d 201, 209 (Tex. App.—El Paso 2013, pet. denied). However, because we have already determined above that Lopez raised an issue of material fact regarding the existence of a valid oral contract between him and the Bucholzes, and because the only argument the Bucholzes made in their traditional summary-judgment motion regarding this claim was that Lopez was not in privity of contract with them, we necessarily conclude that Lopez raised an issue of material fact as to his constitutional-lien claim and that the trial court erred in granting the Bucholzes' traditional summary-judgment motion on this claim. *See* Tex. R. Civ. P. 166a(c).

### iv. Bucholzes' Counterclaims for Declaratory Judgment

The Bucholzes filed counterclaims in their Answer seeking two declarations: (1) that Lopez was not entitled to a constitutional lien and (2) that any affidavit Lopez may have filed for a constitutional lien was void. In their traditional summary-judgment motion, they moved for summary judgment on their counterclaims, arguing that their summary-judgment evidence showed that the only contract for construction of their home was with Preiss and that Lopez had no viable claim for a constitutional lien because he had no contract directly with them. Once again, having concluded that Lopez raised an issue of material fact as to whether he had a valid oral contract with the Bucholzes, we conclude that the trial court erred in granting the Bucholzes' summary-judgment motion on their counterclaim seeking a declaration that Lopez was not entitled to a constitutional lien. *See id*. Regarding the Bucholzes' counterclaim seeking a declaration that any affidavit for a constitutional lien that Lopez may have filed was void, Lopez does not raise this issue on appeal and has therefore waived it. *See* Tex. R. App. P. 38.1(i); *Lairsen v. Slutzky*, 80 S.W.3d 121, 130 (Tex. App.—Austin 2002, pet. denied).

### B. No-Evidence Summary-Judgment Motion

The Bucholzes challenged all of Lopez's claims in their no-evidence summary judgment motion. We will address each claim below.

#### i. Breach-of-Contract Claim

As stated above, the elements of a breach-of-contract claim are (1) the existence of a valid contract between the plaintiff and defendant, (2) performance by the plaintiff, (3) a breach of the contract by the defendant, and (4) damage suffered by the plaintiff as a result of the breach. *See Southern Elec.*, 355 S.W.3d at 323–24; *Barnett*, 123 S.W.3d at 815. In their no-evidence summary-judgment motion, the Bucholzes alleged that Lopez had no evidence to support any of the elements of a breach-of-contract claim. We have already determined above that Lopez raised an issue of material fact on the first element—the existence of a valid oral contract between him and the Bucholzes—in response to the Bucholzes' traditional summary-judgment motion. Thus, we conclude that he has necessarily raised an issue of material fact to support that element in response to the Bucholzes' no-evidence summary-judgment motion, and we will turn now to the remaining elements.

Regarding the second element—performance of services by Lopez—Lopez has raised at least a scintilla of evidence to support this element because the invoices and his and Preiss's affidavits include evidence that he installed a driveway, sidewalk, and flagstone "at the direct request of" and "in accordance with the instruction given by" Mr. Bucholz and not at the instruction of Preiss or pursuant to an agreement between Lopez and Preiss. Further, the Bucholzes do not deny that Lopez installed a driveway, sidewalk, and flagstone at their home. Lopez has also raised at least a

22

scintilla of evidence of the third element—that the Bucholzes breached a contract with him—because the invoices and his affidavit include evidence that he completed the work, that the cost of the work totaled $32,584.80, and that the Bucholzes made only a partial payment of $5,000. Based on the same evidence, Lopez has raised at least a scintilla of evidence of the final element—that he suffered damage as a result of the breach—because he presented evidence that he never received the remaining $27,584.80 due to him in payment for his work.

Because Lopez has raised at least some evidence to support each element of his breach-of-contract claim, we conclude that the trial court erred in granting the Bucholzes' no-evidence summary-judgment motion on this claim. *See* Tex. R. Civ. P. 166a(I).

### ii.      Quantum-Meruit Claim

As stated above, the elements of a quantum-meruit claim include proof that: (1) valuable services were rendered or materials furnished, (2) the services or materials were rendered or furnished to the defendants, (3) the services or materials were accepted, used, and enjoyed by the defendants, and (4) the services or materials were rendered or furnished to the defendants under circumstances that reasonably notified the defendants that the plaintiff was expecting to be paid by the defendants. *See Bashara*, 685 S.W.2d at 310; *Fulgham*, 349 S.W.3d at 159. Because we have already concluded that Lopez raised an issue of material fact on each element of his quantum-meruit claim in response to the Bucholzes' traditional summary-judgment motion, we necessarily conclude that he raised an issue of material fact on each element in response to the Bucholzes' no-evidence summary-judgment motion. Accordingly, the trial court erred in granting the Bucholzes' no-evidence summary-judgment motion on this claim.

23

### iii. Constitutional-Lien Claim

In their no-evidence summary-judgment motion, the Bucholzes argued that Lopez had no evidence to support two elements of his claim for a constitutional lien under section 37 of article XVI of the Texas Constitution: (1) that he was in privity of contract with the Bucholzes and (2) that he "made or repaired a building or article" pursuant to section 37. *See* Tex. Const. art. XVI, § 37. As set forth above, section 37 states that "[m]echanics, artisans and material men, of every class, shall have a lien upon the buildings and articles made or repaired by them for the value of their labor done thereon, or material furnished therefor; and the Legislature shall provide by law for the speedy and efficient enforcement of said liens." *Id.*

Regarding the first challenged element—whether Lopez was in privity of contract with the Bucholzes—we have already concluded that Lopez raised an issue of material fact regarding this element in response to the Bucholzes' traditional summary-judgment motion, and we necessarily conclude that he raised at least a scintilla of evidence to support the element in response to the Bucholzes' no-evidence summary-judgment motion. The Bucholzes' argument in their summary-judgment motion regarding the second element—whether he made or repaired a building or article—was that Lopez had no evidence to show that a driveway, sidewalk, or flagstone constituted a "building" or "article" under Section 37. We disagree.

The mechanic's and materialmen's lien statutes of Texas are to be liberally construed for the purpose of protecting laborers and materialmen. *See First Nat'l Bank in Dallas v. Whirlpool Corp.*, 517 S.W.2d 262, 269 (Tex. 1974); *Hayek v. Western Steel Co.*, 478 S.W.2d 786, 795 (Tex.1972); *Trinity Drywall*, 416 S.W.3d at 211. Section 37 "has been construed to mean the building and so much of the land upon which it stands as is necessary for its enjoyment." *Ferrell*

24

*v. Ertel*, 100 S.W.2d 1084, 1088–89 (Tex. Civ. App.–Fort Worth 1936, writ dism'd) (citing *Strang v. Pray*, 35 S.W. 1054, 1055–56 (Tex. 1896)). Further, Chapter 37 also applies to manufactured chattels if they were "made especially for a purchaser pursuant to a special order and in accordance with the purchaser's plans or specifications." *Whirlpool Corp.*, 517 S.W.2d at 268. An "article" is defined as "a particular item or thing" or "a material thing: item, object." *See* Black's Law Dictionary 127 (9th ed. 2009); *Webster's Third New Int'l Dictionary* 123 (2002). Given the applicable law and the evidence provided in the invoices and Lopez's and Preiss's affidavits indicating that Lopez installed a driveway, sidewalk, and flagstone at the Bucholzes' home, we conclude that Lopez presented at least some evidence that he made a "building" or "article" under Chapter 37 sufficient to survive summary judgment at this stage of the case.

Because we have determined that Lopez raised at least a scintilla of evidence to support both elements challenged by the Bucholzes, we conclude that the trial court erred in granting the Bucholzes' no-evidence summary-judgment motion on Lopez's constitutional-lien claim.

### *Attorney's Fees Awarded to the Bucholzes*

The Bucholzes sought attorney's fees under sections 37.009 and 38.001 of the Texas Civil Practice and Remedies Code "and pursuant to the terms of the construction contract." Section 37.009 is part of the Uniform Declaratory Judgment Act (UDJA) and allows for parties to recover attorney's fees in declaratory-judgment suits, and section 38.001 allows for the recovery of attorney's fees when a party prevails in certain types of cases, including suits on contracts. *See* Tex. Civ. Prac. & Rem. Code §§ 37.009, 38.001. The trial court awarded attorney's fees to the Bucholzes under the

25

UDJA, which states that, "[i]n any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just." *Id.* § 37.009.

In light of our reversal of the traditional and no-evidence summary judgments with regard to the Bucholzes' counterclaim seeking a declaration that Lopez was not entitled to a constitutional lien, we remand the issue of attorney's fees under the UDJA to the trial court so that it may have an opportunity to reconsider an award of attorney's fees at the appropriate time. *See Edwards Aquifer Auth. v. Chemical Lime, Ltd.*, 291 S.W.3d 392, 405 (Tex. 2009) (trial court should have opportunity to reconsider award of attorneys fees when claimant is no longer prevailing party); *Boerschig v. Southwestern Holdings, Inc.*, 322 S.W.3d 752, 768 (Tex. App.—El Paso 2010, no pet.) ("[A]fter a declaratory judgment is reversed on appeal, an award of attorney's fees [under the UDJA] may no longer be equitable and just."). We note again that Lopez did not appeal from the other declaration requested by the Bucholzes and granted by the trial court—that "[a]ny [a]ffidavit for [a constitutional] lien filed by Juan O. Lopez related to this case is hereby declared void"—but we trust that the trial court will take our reversal of the related declaration into account in its reconsideration of an award of attorney's fees.

## CONCLUSION

Due to Lopez's waiver of certain issues, we affirm the portions of the trial court's judgment regarding Lopez's claim for a suit on a sworn account and the Bucholzes' counterclaim for a declaration that any affidavit for a constitutional lien filed by Lopez related to the case was void. In all other respects, we reverse the trial court's judgment and remand the case to the trial court for further proceedings.

 

                                            _____

                                            Cindy Olson Bourland, Justice

Before Justices Puryear, Goodwin, and Bourland

Affirmed in Part, Reversed and Remanded in Part

Filed:   April 7, 2017